# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE BOARD OF CERTIFIED COURT REPORTER EXAMINERS | **Opinion Delivered:** September 21, 2017 |

## PER CURIAM

The Board of Certified Court Reporter Examiners [the Board] submitted proposed changes to the Rule Providing for Certification of Court Reporters and the Regulations of the Board of Certified Court Reporter Examiners. We published the suggested amendments for comment from the bench, bar, and public. The comment period has closed. We adopt the changes as set out in "line-in, line-out" fashion (new material is underlined; deleted material is lined through) effective immediately.

**Rule Providing for Certification of Court Reporters**

**Section 1. Members of the board.**

A. The Board of Certified Court Reporters Examiners hereafter referred to as the "Board", shall be composed of seven members who shall be appointed by this Court. Four of the members shall be judges of the Circuit or Appellate Courts and shall be appointed for terms of three years. Initially, one of the four shall be appointed for a term of one year, one for a term of two years, and two for a term of three years. Three of the Board members shall have been court reporters in and citizens of Arkansas for at least five years prior to their

appointment. Of the court reporters appointed to the board, at least one shall be a machine shorthand writer, at least one shall be a mask dictation/voice writer, at least one shall be an official court reporter, and at least one shall be a freelance court reporter. Initially, one of the three shall be appointed for a term of one year, one for a term of two years, and one for a term of three years. Members of the Board shall serve without compensation but shall be reimbursed for their travel and other expenses in the performance of their duties.

B. Members shall be appointed to serve a three-year term and may be reappointed to ~~a second~~ <u>two additional</u> three-year term~~s~~. A member whose term has expired shall continue to serve until a successor is appointed and qualified. The Court shall fill any vacancy by appointing a member for the duration of an unexpired term and may remove any member for cause. A member who has been appointed to complete an unexpired term shall be eligible for reappointment to serve two terms of three years each.

C. Each member shall take an oath that he will fairly and impartially and to the best of his <u>or her</u> ability administer this Rule.

. . . .

**Section 3. Duties of the board.**

The Board is charged with the duty and invested with the power and authority:

A. To determine the eligibility of applicants for certification.

B. To determine the content of examinations to be given to applicants for certification as certified court reporters.

C. To determine the applicant's ability to make a verbatim record of court proceedings by any recognized system designated by the Board.

D. To issue certificates to those found qualified as certified court reporters.

E. To set a fee to be paid by each applicant at the time the application is filed and an annual license fee.

F. To develop a records retention schedule for ~~official~~ court reporters <u>for cases pending in</u> ~~of~~ state trial courts.

G. To develop, implement, and enforce a continuing education requirement for court reporters certified pursuant to this Rule.

H. To promulgate, amend and revise regulations relevant to the above duties and to implement this Rule. Such regulations are to be consistent with the provisions of this Rule and shall not be effective until approved by this Court.

I. To provide a system and procedure for receiving complaints against court reporters, investigating such complaints, filing formal disciplinary Complaints against reporters, and for hearing, consideration, and determination of validity of charges and appropriate sanctions to be imposed upon any reporter.

<u>J. To hire an executive secretary to assist the Board with its duties.</u>

**Section 4. Applications for certification.**

Every applicant for certification as a certified court reporter shall file with the clerk of this court a written application in the form prescribed by the Board. ~~Upon request, the clerk of this court shall forward to any interested person application forms together with the text of this rule and a copy of the regulations promulgated by the Board under the provisions of Section 3.~~ <u>The application form along with the rules and regulations governing this Board and court reporters shall be available on the Board's website.</u>

**Section 5**

Applicants shall:

a. be at least 18 years of age,

b. be of good moral character,

c. not be a convicted felon,

d. submit an official background check from the designated state authority or from the National Crime Information Center, and

e. not have been adjudicated or found guilty, or entered a plea of guilty or nolo contendere to, any felony, or to any misdemeanor that reflects adversely on the applicant's honesty, trustworthiness, or fitness as a reporter in other respects, or to any crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, extortion, misappropriation, theft, or an attempt, conspiracy or solicitation of another to commit a felony.

. . . .

 **Section 7. Discipline.**

(a) **Sanctions.** For violations of this Rule or "Regulations of the Board of Certified Court Reporter Examiners," other than those related to the nonpayment of fees outlined in Section 9 of the Rule, the Board for good cause shown, and by a majority of four (4) votes from the Board concurring, after a public hearing by the Board, may sanction a reporter by ordering a public admonition, or by suspending or revoking any certificate issued by the Board. In the alternative, the Board, with four (4) votes concurring, may sanction a reporter

with a private, non-public admonition. Discipline by consent, as set out in Section 8 of thisese Rules, may also be utilized by the Board for any violations of the aforementioned Rule or Regulations.

(b) **Definitions.**

1. "Revoke a certificate" means to unconditionally prohibit the conduct authorized by the certificate. If a reporter's certificate is revoked, the reporter is not eligible to apply for a new reporter's certificate for a period of five (5) years after the date the revocation order becomes effective after final Board action or after final action by the Supreme Court of Arkansas, if there is an appeal.

2. "Suspend a certificate" means to prohibit, whether absolutely or subject to conditions which are reasonably related to the grounds for suspension, for a defined period of time, the conduct authorized by the certificate. No suspension shall be for less than one (1) month nor for more than sixty (60) months.

3. "Admonition" means a written order or opinion of the Board stating the specific misconduct or failure to perform duties by the reporter. The admonition shall be designated as being private or public by the Board. A private admonition shall be a confidential document known and available only to the Board and the reporter.

. . . .

(o) **Hearings.**

(1) Hearings shall be conducted at such times and places as the Board may designate.

(2) A hearing shall not be conducted unless at least five (5) Board members are present.

(3) After hearing all the testimony and receiving all the evidence in a case, the Board shall deliberate in private and reach a decision on the Complaint. At least four (4) votes are required to find a Rule or Regulation violation and to order a sanction. The same four (4) Board members are not required to vote for both the rule violation(s) and the sanction.

(4) If at least four (4) Board members agree on the Rule or Regulation violated by the reporter, and on a sanction, an Order consistent with such vote shall be prepared and provided to the Board Chair for review and approval. Upon approval, such Order shall be filed with the Clerk of the Arkansas Supreme Court and a filed copy shall be promptly provided to the respondent reporter and any counsel for the reporter.

(5) In addition to any available disciplinary sanction, the Board may also order a reporter to pay:

(a) The costs of the investigation and hearing, excluding any attorney's fees,

(b) A fine not to exceed $1,000.00 and

(c) Full restitution to any person or entity which has suffered a financial loss due to the reporter's violation of any Board Rule or Regulation, but only to the extent of the costs of any reporter's transcript and fees and expenses associated with a transcript of any court proceeding or deposition.

(6) Once a public hearing has commenced, a private, confidential admonition is not an available sanction.

**Section 8. Surrender of certificate — Discipline by consent.**

(a) **Surrender of Certificate.** A reporter may surrender his or her certificate upon the conditions agreed to by the reporter and the Board:

(1) In lieu of disciplinary proceedings where serious misconduct by the reporter is admitted by the reporter to exist, or

(2) On a voluntary surrender basis of his or her certificate at any time where there is no pending Complaint against the reporter.

(3) No petition to the Supreme Court for voluntary surrender of a certificate by a reporter shall be granted until referred to and approved by the Board and the recommendations of the Board are received by the Supreme Court.

(4) If the Supreme Court accepts any form of surrender of a reporter's certificate, it will do so by per curiam order.

(b) **Discipline by Consent.**

(1) A reporter against whom a formal Complaint has been served may, at any stage of the proceedings not less than ten (10) business days prior to the commencement of a public hearing tender a written conditional acknowledgment and admission of violation of some or all of the Rules and Regulations alleged, in exchange for a stated disciplinary sanction in accordance with the following:

(2) With service of a Complaint, the respondent reporter shall be advised in writing that if a negotiated disposition by consent is contemplated that the respondent reporter should contact the Board Chair or the Board's special prosecutor to undertake good faith discussion of a proposed disposition. All discipline by consent proposals must be approved in writing by the Board Chair, or by the Board's special prosecutor before the consent proposal can be submitted to the Board.

(3) Upon a proposed disposition acceptable to the respondent reporter and the Board Chair or representative, the respondent reporter shall execute and submit a consent proposal on a document prepared by the Board setting out the necessary factual circumstances, admissions of violation of the Board Rules and Regulations, and the terms of the proposed sanction.

(4) The consent proposal, along with copies of the formal Complaint, and the recommendations of the Board Chair or representative, shall be presented to the Board by written ballot to either accept or reject the proposed disposition. The decision shall be determined by four (4) concurring votes of the Board. The respondent reporter will be notified immediately in writing of the Board's decision. Rejection will result in the continuation of the formal Complaint process.

(5) No appeal is available from a disciplinary sanction entered by the consent process.

(6) The Board shall file written evidence of the terms of any public sanction discipline by consent, in the form of an order, with the Clerk of the Supreme Court.

(c) **Serious Misconduct.** If the discipline by consent involves allegations of serious misconduct, for which a suspension or revocation of the certificate is to be imposed, the Supreme Court shall also approve any agreed consent proposal and any sanction.

(1) The Board shall present to the Supreme Court, under such procedures as the Supreme Court may direct, any discipline by consent proposal involving serious misconduct, which the Board has reached with a respondent reporter.

(2) If the Supreme Court does not approve the proposed discipline by consent or the voluntary surrender of the certificate, the matter shall be referred back to the Board which

shall resume the proceedings at the stage at which they were suspended when the consent proposal was made and submitted to the Supreme Court.

. . . .

**Section 13. Continuing education requirement.**

Reporters certified pursuant to this rule must acquire thirty (30) continuing education credits every three years through activities approved by the Board or a committee of the Board. <u>At least three of the continuing education credits shall be ethics, which may include topics such as professionalism.</u> Such three-year period shall be known as the "reporting period." Each reporting period shall begin on January 1 and extend through December 31 three years hence. The reporting period for reporters newly certified pursuant to this Rule shall begin January 1 following certification by the Board. If a reporter acquires, during such reporting period, approved continuing education in excess of (30) thirty hours, the excess credit may be carried forward and applied to the education requirement for the succeeding reporting period only. The maximum number of continuing education hours one may carry forward is ten (10).

A continuing education credit is presumed to be 60 minutes in length. However, the Board in its discretion may grant greater or lesser credits per hour of education as each individual program may warrant. Court reporters certified pursuant to this rule who maintain a residence address outside the State of Arkansas are subject to this requirement. However, continuing education activities approved by the appropriate authority in their resident jurisdiction shall be applicable to this requirement.

To establish compliance with this continuing education requirement the Board may accept continuing education hours acquired to meet the continuing education requirements of the National Court Reporters Association or the National Verbatim Reporters Association.

**Exceptions to Requirement**.

In cases where extreme hardship or extenuating circumstances are shown, the Board may grant a waiver of the continuing education requirement or extensions of time within which to fulfill the requirements. Such waivers or extensions shall be considered only upon written request from the certificate holder. As a condition of any waiver or extension, the Board may set such terms and conditions as may be appropriate under the circumstances.

Any reporter certified pursuant to this rule who attains age 65 or 30 years of certification, during any reporting period, is exempt from all requirements of this rule for that reporting period as well as all subsequent reporting periods.

~~At any time during a reporting period a reporter may take inactive status as it pertains to the continuing education requirement of this rule. Inactive status means that a reporter will not practice court reporting until such time as the reporter returns to active status. Election of inactive status must be in writing. Election of inactive status must be annually renewed and the Board shall provide a form for renewal of inactive status. Such annual renewal shall be filed with the Board on or before March 31 of each year subsequent to the year of election of inactive status. For the purpose of this paragraph court reporting means "verbatim reporting" as defined in Section 1 of the "Regulations of the Board of Certified Court Reporter Examiners" and, verbatim reporting regardless of the context, including~~

administrative or regulatory proceedings and non-judicial proceedings. A reporter may return to active status at any time upon written notice to the Board. In such case the reporter shall be subject to the thirty hour requirement of this rule for the reporting period beginning the following January 1.

**Continuing Education Activities Content.**

Continuing education credit may be obtained by attending or participating in Board approved seminars, conventions, or workshops, or other activities approved by the Board. To be approved for continuing education credit the activity must: be presented by individuals who have the necessary experience or academic skills to present the activity; include quality written materials; and, the course must be subject to evaluation. The continuing education activity must contribute directly to the competence and professionalism of court reporters. The Board is authorized to approve continuing education activities which include but are not limited to the following subject areas: language; academic knowledge; statutes and regulations; reporting technology and business practice; and, ethical practices–professionalism.

**Administrative Procedures**.

The Board shall be the authority for approval of continuing education programs. Such authority may be delegated by the Board to a committee. It is presumed that program approval will be sought and determined well in advance of the educational activity. However, the Board or its committee may approve an educational activity after the event.

The Board is authorized to develop appropriate forms and other administrative procedures as necessary to efficiently administer this continuing education requirement.

The Board shall require that reporters certified pursuant to this rule maintain and provide such records as necessary to establish compliance with this continuing education requirement. The Board may also require that sponsors provide evidence of attendance at programs in such form as the Board may direct.

On or before January 31 after the conclusion of the immediately preceding reporting period, the Board shall provide a final report by first class mail to reporters whose reporting period concluded the preceding December 31. The number of continuing education credits stated on the final report shall be presumed correct unless the reporter notifies the Board otherwise. In the event the final report shows that the reporter has failed to acquire 30 continuing education credits for the applicable reporting period, the reporter shall be in noncompliance with the requirements of this rule.

In the event of noncompliance, the certificate of the affected reporter shall be subject to suspension as set forth in the following section. Prior to initiation of suspension proceedings, the Board shall provide notice to allow the reporter to achieve compliance. Board approved continuing education credits obtained subsequent to the relevant reporting period and prior to a vote of suspension shall be accepted in order to cure noncompliance. However, such hours will be subject to a late filing fee in an amount not to exceed $100.00.

**Suspension of License – Reinstatement**.

~~Section 7 of this rule – "Discipline" and Section 19 of the "Regulations of the Board of Certified Court Reporter Examiners" shall govern suspension or revocation proceedings for failure to comply with the continuing education requirements set out in Section 13 of this rule.~~

After a Board vote of suspension or revocation of a certificate, the Board shall notify the affected reporter by way of certified mail, restricted delivery, return receipt requested. In addition, the Board shall file the order of suspension with the Clerk of this Court and provide such other notice as the Board may consider appropriate.

A reporter whose certificate has been suspended pursuant to this Section who desires reinstatement shall file a petition for reinstatement with the Board. The petition shall be properly acknowledged by a notary public or an official authorized to take oaths. It shall be in such form as the Board may direct. The petitioner may request a hearing before the Board. Upon appropriate notice and hearing, the Board may take action on the petition for reinstatement. In the event the certificate is reinstated, the Board may set additional educational requirements, including successful completion of a certification examination, as a condition of reinstatement and may assess reinstatement fees in an amount not to exceed $250.00.

**Regulations of the Board of Certified Court Reporter Examiners**

**Section 14.**

The tests shall be as follows:

(a) A written knowledge test consisting of spelling, vocabulary, punctuation, general knowledge, rules governing preparation of transcripts (Rules of the Supreme Court and Court of Appeals 3-1, 3-2, 3-3 and 3-4), and rules governing the regulation of the court reporting profession (Sections 19 and 22 of the Regulations of the Board of Certified Court Reporter Examiners) with a minimum of 75% accuracy.

(b) (1) Five minutes of one-voice dictation of ~~literacy~~ <u>literary</u> at 180 words per minute.

(2) Five minutes of one-voice dictation of jury charge at 200 words per minute.

(3) Five minutes of two-voice dictation of Q and A at 225 words per minute.

(c) Applicants shall be required to transcribe each dictation test with 95% accuracy.

(d) If an applicant ~~shall~~ pass<u>es</u> one or more parts of the test but fail<u>s</u> one or more parts, the applicant will not be required to <u>re</u>take the part or parts passed. ~~at the next successive examination given, but only the part or parts failed. If the applicant does not pass the previously failed part or parts at the next successive examination, the applicant shall be required to retake the entire examination.~~

(e) For in-state applicants, a new application and application fee of $75.00 will be required for all subsequent testing. For out-of-state applicants, a new application and application fee of $150.00 will be required for all subsequent testing.

(f) Certification will be restricted to the method of reporting used by the applicant at the time of testing, and said method will be reflected on the certificate issued to the applicant upon successfully passing the certification examination.

(g) Each individual successfully passing the certification examination shall, prior to receiving certification from the Board, participate in an orientation session at a time and place set by the Board.

. . . .

**Section 19.**

Pursuant to Section 7 of the Rule Providing for Certification of Court Reporters, the Board may issue an admonition or revoke or suspend any certificate issued after proper notice and hearing, on the following grounds:

a. Conviction of any felony, or having been adjudicated or found guilty, or entered a plea of guilty or *nolo contendere* to, any felony, or to any misdemeanor that reflects adversely on the reporter's honesty, trustworthiness, or fitness as a reporter in other respects, or to any crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, extortion, misappropriation, theft, or an attempt, conspiracy or solicitation of another to commit a felony. A court reporter who falls within this provision, shall notify the Board upon entry of the judgment or sentencing order in the criminal case.

b. misrepresentation or omission of material facts in obtaining certification.

c. any intentional violation of, noncompliance with or gross negligence in complying with any rule or directive of the Supreme Court of Arkansas, any other court of record within this State, or this Board.

d. fraud, dishonesty, gross incompetence or habitual neglect of duty.

e. unprofessional conduct, which shall include, but not be limited to:

    1. failing to deliver a transcript to a client or court in a timely manner as determined by statute, court order, or agreement;

2. intentionally producing an inaccurate transcript;

3. producing an incomplete transcript except upon order of a court, agreement of the parties, or request of a party;

4. failing to disclose as soon as practical to the parties or their attorneys existing or past financial, business, professional or family relationships, including contracts for court reporting services, which might reasonably create an appearance of partiality;

5. advertising or representing falsely the qualifications of a certified court reporter or that an unlicensed individual is a certified court reporter;

6. failing to charge all parties or their attorneys to an action the same price for an original transcript and failing to charge all parties or their attorneys the same price for a copy of a transcript or for like services performed in an action;

7. failing to disclose upon request an itemization in writing of all rates and charges to all parties in an action or their attorneys;

8. reporting of any proceeding by any person, who is a relative of a party or their attorney, unless the relationship is disclosed and any objection thereto is waived on the record by all parties;

9. reporting of any proceeding by any person, who is financially interested in the action, or who is associated with a firm, which is financially interested in the action;

10. failing to notify all parties, or their attorneys, of a request for a deposition transcript, or any part thereof, in sufficient time for copies to be prepared and delivered simultaneously with the original;

11. going "off the record" during a deposition when not agreed to by all parties or their attorneys unless otherwise ordered by the court;

12. giving, directly or indirectly, benefiting from or being employed as a result of any gift, incentive, reward or anything of value to attorneys, clients, or their representatives or agents, except for nominal items that do not exceed $100 in the aggregate for each recipient each year; and

13. charging an unreasonable rate for a copy of an original deposition transcript, or an official reporter charging fees in violation of Ark. Code Ann. Section 16-13-506.

**Section 21**

**OFFICIAL COURT REPORTER RECORDS RETENTION SCHEDULE**

**PART 1. Scope.**  a.  This records retention schedule applies to all official court reporters in the State of Arkansas. "Official court reporter" as used in this retention schedule means a court reporter, certified by the Arkansas Board of Certified Court Reporter Examiners, who is regularly employed by a circuit judge, or a "substitute court reporter," who serves in the absence of the regularly employed court reporter.

b.  The term "records" as used in this retention schedule refers to any and all verbatim records produced by an official court reporter and all physical exhibits received or proffered in evidence in any court hearing, trial, or proceeding.

**PART 2. Court Ordered Retention of Specific Records.** Upon the motion of any party demonstrating good cause or upon the court's own motion, the trial judge may enter an order directing that the records be retained for an additional period beyond the time established in PART 6. At the end of each additional court-ordered retention period, the judge may enter a new order extending the retention period.

**PART 3. Responsibility for Storage; Sanctions.** a. During the period which the records are required to be retained, it shall be the responsibility of the official court reporter to maintain his or her records in an orderly, secure, and identifiable manner. It is highly recommended that space be provided in the county courthouse in the county where the official court reporter maintains an office or resides. If that is not feasible, it shall be the responsibility of the official court reporter to provide adequate space for the records.

b. When physical exhibits include firearms, contraband, or other similar items, such items may be transferred to the sheriff or other appropriate governmental agency for storage and safekeeping. The sheriff or governmental agency shall sign a receipt for such items and shall acknowledge that the items shall not be disposed of until authorized by subsequent court order. Other items of physical evidence which present storage problems may be transferred to the attorney of record for storage and safekeeping subject to approval of the trial court and upon appropriate documentation. Forms of orders and receipts for the transfer and disposal of exhibits are appended to Regulation 21.

c. If an official court reporter leaves his or her position for any reason other than his or her death, the reporter shall, within thirty (30) days, deliver or cause to be delivered, those records as defined in PART 1, to the trial court and retained by the court until a subsequent

official court reporter is employed or retained, at which time the records shall be transferred to that reporter. A former official court reporter who maintains Arkansas certification may, with the court's permission, temporarily retrieve his or her former records necessary to prepare an appeal transcript or other documents which a party may request.

d. If an official court reporter dies while still in possession of those records subject to retention as defined in PART 1, the trial court shall take possession of those records within thirty (30) days of the official court reporter's death. The trial court shall retain possession of the records until a subsequent official court reporter is employed or retained. At that time the records shall be transferred to the possession of the subsequent official court reporter who shall safely maintain the records subject to the direction of the trial court.

e. If an official court reporter is unavailable and the trial court employs a substitute official court reporter, the trial court shall take possession of all records obtained by the substitute official court reporter during his or her service upon the conclusion of his or her employment.

f. Any person who fails to comply with or who interferes with these transfer provisions may be ordered to appear and show cause why he or she should not be held in contempt of court.

**PART 4. Methods of Disposal of Records.** a. Paper records may be disposed of by burning or shredding.

b. ~~Tapes~~ Audio recordings/files or digital media may be erased ~~and reused or may be dismantled to prevent their replaying~~.

c. Upon their written request, physical exhibits, other than weapons or contraband shall be returned to the party or attorney who proffered same. If no request is made within the time period for retention, the court reporter may dispose of the exhibit.

d. Exhibits such as weapons or contraband shall be disposed of in the following manner: (1) weapons, in whatever form, unless otherwise ordered by the trial court, shall be transferred to the sheriff, or his or her designee, in the county where the case was tried, for disposal pursuant to law; (2) contraband, in whatever form, shall be transferred to the sheriff, or his or her designee, in the county where the case was tried, for disposal pursuant to law.

**PART 5. Log of Records, Sanctions. a**. Each official court reporter shall maintain an accurate, orderly log of his or her records which also notes the date and method of destruction of each record listed. Any work papers maintained by the reporter for the purpose of identifying the record of court proceedings shall suffice, as long as they are legible. When an official court reporter leaves his or her position for whatever reason, the trial court shall take possession of the log no later than the date he or she takes possession of the records as set out in PART 3. When a subsequent official court reporter is employed or retained, the log shall be transferred to the possession of the subsequent official court reporter who shall safely maintain the log subject to the direction of the trial court.

b. Any person who fails to comply with or who interferes with this Section may be ordered to appear and show cause why he or she should not be held in contempt of court.

**PART 6. Official Court Reporter Retention Schedule.**

| TYPE OF CASE | PERIOD OF RETENTION |
|---|---|

**Criminal Cases**

| | |
|---|---|
| Death Penalty | Permanently |
| Life in Prison w/o Parole | Permanently |
| Other Felonies (transcript lodged with appellate court) | 90 days after Mandate issues |
| Other Felonies (no transcript prepared) | 5 years from date of verdict or sentencing |
| Misdemeanors | 2 years from date of sentencing |

| | |
|---|---|
| **Grand Jury Proceedings** | 1 year subsequent to adjournment |

**Civil Circuit**

| | |
|---|---|
| All Cases (transcript lodged with appellate court) | 90 days after Mandate issues |
| All Cases (no transcript prepared) | 2 years from date of final order of trial court |

**Juvenile Division of Circuit Court**

| | |
|---|---|
| All Cases (transcript lodged with appellate court) | 90 days after Mandate issues |
| Cases where no transcript is prepared: | |
| Delinquency | 3 years from date of final order of trial court or on date of expungement order, whichever occurs first |
| Families in Need of Services (FINS) | 3 years from date of final order of trial court |
| Dependent/Neglect | 7 years from date of final order of trial court |

**PART 7. Effective Date.** This Official Court Reporter Records Retention Schedule is effective immediately upon publication. It applies to records of cases already tried and those to be tried.

**Section 24.**

**Part 1. Scope.**

a. This records retention schedule applies to all freelance court reporters in the State of Arkansas. "Freelance court reporter," as used in this retention schedule, means a court reporter, certified by the Arkansas Board of Certified Court Reporter Examiners, who is not regularly employed by a circuit judge, and not acting in the capacity of a substitute official court reporter.

b. The term "source material," as used in this records retention schedule, refers to any notes, audio files, or exhibits that the freelance court reporter may use to prepare a transcript.

c. This records retention schedule applies to any type of deposition or proceeding in which a freelance court reporter is employed to take a record regardless of whether a transcript is prepared.

**Part 2. Court Ordered Retention of Specific Records**.

Upon the motion of any party demonstrating good cause or upon the court's own motion, the trial judge may enter an order directing that the records be retained for an additional period beyond the time established in Part 6 of this Rule. At the end of each additional court-ordered retention period, the judge may enter a new order extending the retention period.

**Part 3. Responsibility for Storage.**

During the period in which the records are required to be retained, it shall be the responsibility of the court reporter to maintain his or her records in an orderly, secure, and identifiable manner.

**Part 4. Methods of Disposal of Records.**

a. Paper records may be disposed of by burning or shredding.

b. Audio recordings/files or digital media ~~Tapes~~ may be erased ~~and reused or may be dismantled to prevent their replaying~~.

~~c. Audio files may be erased.~~

**Part 5. Log of Records.**

Each court reporter shall maintain an accurate, orderly log of his or her records that notes the date and method of destruction of each record listed.

**Part 6. Records Retention Schedule**.

a. The court reporter shall maintain any notes and/or audio files that he or she used to prepare a transcript for a minimum of one year from the date upon which the proceedings occurred.

b. If a transcript is not prepared from the proceedings at which the court reporter appeared, the court reporter shall maintain all source material that he or she would use to prepare a transcript for a minimum of five years from the date upon which the proceedings occurred. If the court reporter intends to destroy the material, he or she must give written notice to

the parties at least forty-five days prior to the day upon which the destruction of the material will occur.

1. It shall be the responsibility of the parties to provide the court reporter with written notification of any change of address.

2. For the purposes of these Regulations, written notification by certified or first class mail to the most recent address provided to the court reporter shall be deemed sufficient.

c. All electronic copies of prepared transcripts shall be retained for a minimum of five years from the date upon which the proceedings occurred.